THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON E. WINECKA, NATALIE D. WINECKA, 23411 WINECKA TRUST,<br><br>　　　　　　　　Plaintiffs,<br>　　　v.<br><br>U.S. BANK NA, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C16-1969-JCC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.　　BACKGROUND

Plaintiffs Jason and Natalie Winecka initially filed suit in King County Superior Court against Defendants U.S. Bank National Association and Mortgage Electronic Registration Systems, Inc. (MERS)[1] on November 18, 2016. (Dkt No. 1-1.) Defendants removed the case to this Court. (Dkt. No. 1.) Plaintiffs allege the mortgage loan was "unlawfully sold, assigned, and/or transferred" because Defendants did not have "lawful ownership or a security interest" in

---

[1] Although Defendant MERS is not listed in the caption of the complaint, Plaintiffs include MERS as a Defendant within the body of their complaint. (*See* Dkt. No. 1-1 at 3.)

the property at the time of the transactions. (Dkt. No. 1-1 at 5.) Plaintiffs further allege that the Note was impermissibly separated from the Deed of Trust. (*Id.*) In connection with these allegations, Plaintiffs bring five claims: (1) lack of standing/wrongful foreclosure, (2) intentional infliction of emotional distress (IIED), (3) slander of title, (4) quiet title, and (5) declaratory relief related to the foreclosure of Plaintiffs' property. (*See* Dkt. No. 1-1.)  Defendants now bring a motion to dismiss.[2] (Dkt. No. 8.) Additionally, Defendants ask the Court to take judicial notice of several deed-related official documents on file with the King County Recorder's Office. (Dkt. No. 9.)

## II. DISCUSSION

### A. Request for Judicial Notice

Typically, the Court looks only at the face of a complaint to decide a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, at any stage of the proceeding, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (d). The Court must take judicial notice if a party requests it and supplies the Court with the necessary information. Fed. R. Evid. 201(c)(2).

Here, Defendants ask the Court to take judicial notice of nine documents, including Plaintiffs' Deed of Trust, related Corporate Assignments of Deed, and Grant Deeds. (Dkt. No. 9 at 2–3.) The Court finds that these facts cannot be reasonably disputed because they come from public records whose accuracy cannot be reasonably questioned. (*See* Dkt. Nos. 9, 9-1.) Defendants have supplied the Court with the necessary information to make this determination. (*See id.*) Therefore, the Court takes judicial notice of the documents, which establish the

---

[2] Plaintiffs filed an "opposition" to Defendants' reply (Dkt. No. 15). The Court construes this opposition (Dkt. No. 15) as a surreply to Defendants' reply (Dkt. No. 14). Under Local Civil Rule 7(g), a surreply must be "strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." Here, Plaintiffs' surreply does not address a request to strike, but rather merely reiterates Plaintiffs' reasons for opposing Defendants' motion to dismiss. Defendants' request to disregard the surreply (Dkt. No. 16) is GRANTED.

following:

Plaintiffs Jason and Natalie Winecka signed a Deed of Trust on April 25, 2007, for property listed at 23411 SE 289th Street, Black Diamond, Washington, 98010. (Dkt. No. 9-1 at 2.) A Corporate Assignment of Deed of Trust was made on December 28, 2009, from MERS to Aurora Loan Services. (*Id.* at 31.) An Assignment of Deed of Trust was made on June 29, 2012, from Aurora Loan Services to Nationstar Mortgage. (*Id.* at 33.) A Corporate Assignment of Deed of Trust was made on May 3, 2014, from Aurora Loan Services to U.S. Bank. (*Id.* at 36.) A Grant Deed to Carl A. Graves for ten percent undivided interest in the property was made on March 31, 2011. (*Id.* at 38, 44.) A Grant Deed to Harrison Matthewis for a ten percent undivided interest in the property was made on April 20, 2011. (*Id.* at 40.) A Grant Deed to Jeffery Collins for a nine percent undivided interest in the property was made on September 2, 2011. (*Id.* at 42.) A Grant Deed to Demario Ward for a nine percent undivided interest in the property was made on October 13, 2011. (*Id.* at 46.)

### B. Federal Rule of Civil Procedure 12(b)(6) Standard[3]

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than

---

[3] Defendants also base their motion to dismiss on Plaintiffs' alleged failure to join indispensable parties. (Dkt. No. 8 at 18–21; *See* Fed. R. Civ. P. 12(b)(7).) However, the Court need not address this argument because, as discussed below, all of Plaintiffs' claims fail.

labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### C. Lack of Standing/Wrongful Foreclosure

Plaintiffs allege that Defendants did not have standing to foreclose on the property because they lacked a "valid interest as a real party in interest to foreclose." (Dkt. No 1-1 at 12.) Plaintiffs also allege that MERS can never be a real party in interest in a securitized mortgage. (*Id.*) First, the facts the Court has taken judicial notice of demonstrate that Defendants had standing to foreclose on the property as real parties in interest. (*See* Dkt. No. 9-1.) Moreover, the fact that MERS is on the Deed of Trust does not invalidate it. *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 806 (W.D. Wash. 2016). "In fact, courts routinely reject arguments that MERS lacked authority to transfer a deed of trust when the relevant deed of trust includes language that MERS is a beneficiary." *Id.* The "mere fact MERS is listed on a deed of trust as a beneficiary is not itself an actionable injury." *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 52 (Wash. 2012). Washington courts have repeatedly upheld dismissals of claims against MERS on this very issue. *See McAfee v. Select Portfolio Servicing, Inc.*, 370 P.3d 25, 30 (Wash. Ct. App. 2016) (finding there was no evidence that supported the allegation that MERS's assignment of the deed was unlawful). Therefore, the lack of standing/wrongful foreclosure claim is DISMISSED.

### D. Intentional Infliction of Emotional Distress

Plaintiffs allege that Defendants "intentionally, knowingly, and recklessly misrepresented" their authority to "exercise the power of sale" and acted with the "specific intent" of inflicting emotional distress such that Plaintiffs were "unable to exercise legal rights in

the property." (Dkt. No. 1-1at 16.) An IIED claim has three elements: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) severe emotional distress suffered by the plaintiff. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). The Court may dismiss an IIED claim where reasonable minds cannot differ as to whether the conduct was sufficiently extreme and outrageous. *Doe v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 167 P.3d 1193, 1204 (Wash. Ct. App. 2007). Absent a showing of unique circumstances surrounding the particular foreclosure process at issue, the IIED claim must fail. *See Bain v. OneWest Bank, F.S.B.*, 2011 WL 917385, at *4 (W.D. Wash. Mar. 15, 2011). Plaintiffs have not provided any facts to support a claim that Defendants acted outside the normal scope of the foreclosure process. Therefore, the IIED claim is DISMISSED.

### E.  Slander of Title

Plaintiffs allege that Defendants had no interest in the property and therefore "posting, publishing, and recording" the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed, as well as other related documents, amounted to slander of title. (Dkt. No. 1-1 at 17.) A slander of title claim has five elements: (1) that the underlying statement be false; (2) that it be maliciously published; (3) that it be spoken with reference to some pending sale or purchase of property; (4) that it go to defeat a plaintiff's title; and (5) that it result in a plaintiff's pecuniary loss. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994) (en banc). With respect to the second element, malice "is not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity." *Brown v. Safeway Stores, Inc.*, 617 P.2d 704, 713 (Wash. 1980). Here, Plaintiffs have not provided any facts to support a claim that Defendants acted maliciously. Although Plaintiffs allege that Defendants knew or should have known that the documents were false, there are no alleged facts to indicate that Defendants did not act in good faith. Therefore, the slander of title claim is DISMISSED.

### F.  Quiet Title

Plaintiffs allege that Defendants had no "right, estate, title, lien or interest in or to the

property, or any part of the property." (Dkt. No. 1-1 at 19.) Under Washington law, "[a]n action to quiet title is designed to resolve competing claims of ownership." *Kobza v. Tripp*, 18 P.3d 621, 623–24 (Wash. Ct. App. 2001). "An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Id.* at 624. However, Plaintiffs may not maintain an action to quiet title simply by alleging that Defendant U.S. Bank is not in possession of the property and has no right to possession. Plaintiffs' legally false assertion that they "continue to believe there to be a broken chain of title on this property" is not sufficient to establish a competing claim of ownership. (Dkt. No. 13 at 4.) *See Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 809 (W.D. Wash. 2016) (in a quiet title action against a lender, plaintiff must first allege facts showing she has satisfied her obligations under the deed of trust). Plaintiffs do not cite any facts or authority that would permit the Court to grant the requested relief. Therefore, the quiet title claim is DISMISSED.

### G. Declaratory Relief

Again, Plaintiffs allege that Defendants have no authority over the property. (Dkt. No. 1-1 at 18.) Plaintiffs request "a judicial determination of the rights, obligations, and interest of the parties with regard to the Property"; a determination of the validity of the Mortgage/Trust Deeds and the Notice of Default; and "a determination of whether any Defendant has authority to foreclose on the Property." (*Id.* at 19-20.) In order to survive a motion to dismiss, a plaintiff must provide more than accusations that the defendant harmed her. *Iqbal*, 556 U.S. at 678. Based on the Court's conclusions above, declaratory relief of this kind is not possible. Moreover, Plaintiffs again fail to cite any facts, authority, or cognizable legal theory upon which relief can be granted. Therefore, the declaratory relief claim is DISMISSED.

The Court further finds that all of Plaintiffs' claims should be dismissed with prejudice. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the

1 complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Under these facts, this complaint cannot be saved.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 8) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

DATED this 22nd day of March 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE